# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JERRY LEE MOORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:12-cv-54 |
| TERRY WOLF, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

At the November 1, 2012, telephonic hearing, *pro se* Plaintiff Jerry Moore asked the Court to appoint counsel for him in this 42 U.S.C. § 1983 case. (Docket # 40.) The Court took his request under advisement and instructed him to file a completed Questionnaire for Appointment of Counsel, which included the requirement that he provide the names of at least three attorneys he contacted and the reasons they refused to take his case; Moore has since filed the Questionnaire. (Docket # 45.) Because Moore failed to contact at least three attorneys concerning his case, and, in any event, is competent to litigate this case himself, his request for counsel will be DENIED.

## LEGAL STANDARD

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the

discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

"When a *pro se* litigant submits a request for court-appointed counsel, the district court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt*, 503 F.3d at 654). "Next, the district court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Id.* (citing *Pruitt*, 503 F.3d at 654-55); *see Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). The question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 655. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

## ANALYSIS

On his completed Questionnaire, Moore represented that he has contacted just two attorneys concerning his case. (*See* Questionnaire for Appointment of Counsel ¶ 6.) His failure to satisfy the threshold requirement of contacting at least three attorneys is fatal to his request for appointment of counsel. *See Cnty. of McLean*, 953 F.2d at 1073 ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli*, 2010 WL 3155926, at *4; *Kotter*, 541 F.3d at 700; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) ("In determining whether to appoint counsel for an indigent plaintiff . . ., a court must 'first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful . . . .'") (quoting *Cnty. of McLean*, 953 F.2d at 1073)).

And even if he had satisfied this threshold requirement, it is evident that Moore is competent to represent himself in this matter. To explain, Moore claims that during his incarceration, Defendant: (1) denied him his prescribed medications and told him that he had to buy them himself; (2) delayed medical treatment by five months after he complained of blood in his urine; and (3) denied his request to see a physician for an ear infection and merely provided him with ear wax remover. Accordingly, the facts of this case are within Moore's particular knowledge, and thus the task of any discovery, if necessary, is apt to be quite limited and certainly not insurmountable. Thus, the first factor—the difficulty of his claims—cuts against Moore's request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Second, Moore has already comprehensively articulated his claims in this case (Docket # 21), sought relief through various filings (Docket # 7, 9, 11, 37, 41-43), and participated in a telephonic hearing in which he discussed and clearly articulated his claims with the Court (Docket # 40). Therefore, Moore is fully capable of articulating his legal position. As a result, the second factor of the two-fold inquiry—the plaintiff's competence to litigate the claims himself—also fails to support Moore's request for counsel.

In short, Moore has failed to satisfy the threshold requirement of contacting at least three attorneys, and, in any event, appears quite competent to adequately handle the litigation of this § 1983 case. Consequently, at this juncture, his request that the Court recruit counsel for him will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's request for the appointment of counsel (Docket # 40) is DENIED; Plaintiff is, of course, free to attempt to secure counsel on his own. This case is set for a further telephonic scheduling conference on February 6, 2013, at 1:00 p.m.; the Court will initiate the call.

SO ORDERED.

Enter for this 22nd day of January, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge