**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **JERRY LEE MOORE,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    v. | )   CAUSE NO. 1:12-cv-54 |
| | ) |
| **TERRY WOLF,** | ) |
| | ) |
|    **Defendant.** | ) |

## OPINION AND ORDER

On January 22, 2013, the Court denied *pro se* Plaintiff Jerry Moore's request for counsel in this 42 U.S.C. § 1983 civil rights case, finding that Moore had failed to contact at least three attorneys about his case, and, even if he had, that he was competent to litigate it himself. (Docket # 44.) Now before the Court is Moore's second motion for the appointment of counsel. (Docket # 57.)

To be clear, since Moore's initial request for counsel was denied, the Court has no obligation to revisit the issue. *See Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007) (explaining that although the court has the discretion to reconsider a request for counsel, it has no obligation to do so).

But even if it did revisit the matter, Moore has absolutely nothing new to share about why he allegedly cannot respond to Defendant's motion for summary judgment, other than that he has contacted a third attorney who also failed to take his case. Of course, this is an indication that his case may indeed have little merit and that appointing counsel will not make a difference in the case's ultimate outcome. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion

to appoint counsel). Consequently, Moore's second motion for the appointment of counsel (Docket # 57) is DENIED.

Nevertheless, in order to afford Moore a full opportunity to respond, *see Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996) ("[I]t is incumbent on [the court] to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds."), the Court on its own motion GRANTS Moore an additional thirty days to respond to Defendant's motion for summary judgment. Therefore, Moore must file his response brief on or before June 28, 2013. NO FURTHER EXTENSIONS WILL BE GRANTED.

SO ORDERED.

Enter for this 21st day of May, 2013.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
